## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **DAWN HANSON, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **No. 15 C 5354** |
| | ) | |
| **MILTON TOWNSHIP, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM OPINION</u>

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' partial motion to dismiss. For the reasons stated below, the partial motion to dismiss is granted in part and denied in part.

## BACKGROUND

Plaintiff Dawn Hanson, Plaintiff Christine Fernald (Fernald), Plaintiff Deborah Hansen (Hansen), Plaintiff Leanne Muscari (Muscari), and Plaintiff Cathy Zinga (Zinga) were allegedly employed as deputy assessors (collectively referred to as "Deputy Assessors") for Defendant Milton Township (Township). Plaintiff Phillip Popa (Popa) was allegedly employed as an Information Technology Administrator. In April 2013, Defendant Chris Levan (Levan) was allegedly elected

1

as the Township Assessor. On January 1, 2014, Levan allegedly took office. On January 3, 2014, Levan allegedly terminated Plaintiffs' employment due to their support of the prior Assessor during the April 2013 election. Plaintiffs include in their third-amended complaint claims brought under 42 U.S.C. § 1983 (Section 1983) alleging retaliation in violation of their First Amendment rights brought by all Plaintiffs (Count I), Section 1983 equal protection claims based upon age discrimination brought by all Plaintiffs (Count II), claims alleging age discrimination in violation of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621, *et seq.* brought by all Plaintiffs (Count III), claims alleging age discrimination in violation of the Illinois Human Rights Act (IHRA), 775 ILCS 5/1-101 *et seq.* brought by all Plaintiffs (Count IV), claims alleging violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* brought by Hansen, Muscari, and Zinga (Count V), claims alleging violations of the Illinois Minimum Wage Law (IMWL), 820 ILCS 105/1 *et seq.* brought by Hansen, Muscari, and Zinga (Count VI), claims alleging violations of the Illinois Wage Payment and Collection Act (IWPCA), 820 ILCS 115/1 *et seq.* brought by Hansen, Muscari, and Zinga (Count VII), claims alleging discrimination in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.* brought by Fernald (Count VIII), ADA retaliation claims brought by Fernald (Count VIII), and Section 1983 equal protection claims based upon disability discrimination brought by Fernald and Zinga (Count IX). The court notes that Count IX is inaccurately listed in the third-amended complaint as "Count XI." Defendants now move to dismiss certain claims in Counts

II, VII, and IX.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face,' and that '[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged'")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

## DISCUSSION

I.  Repled Claims from Prior Complaint

On April 6, 2016, the court granted Defendants' partial motion to dismiss certain claims in the second amended complaint.  On February 10, 2017, Plaintiffs filed a third-amended complaint repleading some of the previously dismissed claims. The court granted Defendants' motion to dismiss the Deputy Assessors' First Amendment retaliation claims, ADEA claims, IHRA claims, FLSA claims, and IMWL claims.  The claims brought by the Deputy Assessors in Counts I, III, IV, V, and VI in the third-amended complaint essentially remain unchanged.  Plaintiffs in fact indicate in the third-amended complaint that such claims are being replead "for purposes of preserving" the claims "for appeal."  (Compl. 6, 18, 19, 20, 23).  For the same reasons provided in the April 6, 2016 memorandum opinion, such claims are dismissed.

II.  Equal Protection Claims

Defendants move to dismiss the Section 1983 equal protection claims based upon age discrimination brought by the Deputy Assessors and Popa in Count II and the Section 1983 equal protection claims based upon disability discrimination brought by Fernald and Zinga in Count IX.  Defendants argue that Plaintiffs allege in Count I that their employment was terminated for political reasons and that such a reason is permissible under the law.  Defendants contend that Plaintiffs cannot allege inconsistently in Count II that their employment was terminated due to their age.

4

Pursuant to Federal Rule of Civil Procedure 8(d), a party may plead causes of action in the alternative. Fed. R. Civ. P. 87(d). Simply because Plaintiffs alleged one reason for their termination in Count I does not mean that an alternative reason cannot be alleged in Count II. Nor is there necessarily any inconsistency since Plaintiffs could assert that their employment was terminated due to political reasons and because of their age and/or disability. Plaintiffs have presented ample facts in their third-amended complaint detailing alleged age discrimination and plausibly suggest age discrimination. Defendants cite to *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750 (7th Cir. 2002), but in that case the motion to file an amended complaint was denied and the ruling did not address pleading in the alternative. *Id.* at 759. Also, in *Thompson*, unlike in this case, the plaintiff had sought to cure pleading deficiencies in an amended complaint after two motions to dismiss were filed. *Id.* Although Defendants argue that Plaintiffs should not be allowed to amend their pleadings in hindsight after the court's ruling on the prior complaint, Defendants filed no formal objection to the filing of the third-amended complaint and that complaint is now before this court. It is also worth noting that allegations of such age and disability discrimination were presented in the original complaint in this case. Plaintiffs have alleged sufficient facts at this juncture to state valid equal protection claims based on age and disability discrimination. Even if Plaintiffs could be terminated at will for political reasons, that does not mean that Plaintiffs were stripped of all constitutional rights and could be fired because of their age or disability. At the summary judgment stage, Plaintiffs will need to point to

sufficient evidence to support such claims. Therefore, Defendants' motion to dismiss the equal protection claims in Counts II and IX is denied.

III. IWPCA Claims

Defendants move to dismiss the IWPCA claims brought by Hansen, Muscari, and Zinga in Count VII. The IWPCA does not create "a substantive right to payment of any particular regular or overtime wage." *Redmon v. Harris & Harris, Ltd.*, 2017 WL 2973581, at *2 (N.D. Ill. 2017)(internal quotations omitted)(quoting *Hoffman v. Roadlink Workforce Sols., LLC*, 2014 WL 3808938, at *4 (N.D. Ill. 2014)). Thus, in order to state an IWPCA claim, a " plaintiff must plead that wages or final compensation is due to him or her as an employee from an employer under an employment contract or agreement." *Id.* (internal quotations omitted)(quoting *Deschepper v. Midwest Wine & Spirits, Inc.*, 84 F. Supp. 3d 767, 779 (N.D. Ill. 2015)). Defendants contend that Plaintiffs IWPCA claims are premised on an alleged failure to pay Plaintiffs for unused personal and vacation days and overtime pay. Defendants contend that Plaintiffs fail to allege that such compensation is owed under an employment contract or agreement. Plaintiffs contend that Defendants did not raise this argument in response to the prior complaint, but such failure does not preclude Defendants from raising it now after Plaintiffs chose to replead. Plaintiffs argue that an employment policy can suffice in certain instances to support an IWPCA claim and that such policy is alleged in this case. Defendants agree that a formal written employment contract is not always required, but contend that there

6

must be some type of agreement relating to a supporting policy. (Reply. 6). Plaintiffs have alleged sufficient facts to plausibly suggest a policy that could support an IWPCA claim. Defendants argue that the written personnel policy would not be sufficient to constitute an employment contract or agreement, but Defendants have not cited any controlling precedent on point that presents such black letter law. Whether there existed a written policy that was sufficient to support an IWPCA claim can be determined by examining the evidence beyond the pleadings. At the summary judgment stage, Plaintiffs will have to point to sufficient evidence to support their IWPCA claims. Therefore, Defendants' motion to dismiss the IWPCA claims is denied.

Defendants also move in the alternative to dismiss the IWPCA claims to the extent that they are brought against the Township and against Levan in his individual capacity. An IWPCA claim may be brought against a plaintiff's employer. 820 ILCS 115/1. Plaintiffs argue that the definition of an employer in the IWPCA context is a broad one and that claims can be brought against individuals. *See* 820 ILCS 115/2 (defining what constitutes an employer). In the instant action, however, Plaintiffs fail to allege facts that would plausibly suggest that Plaintiffs were employees of any entity or individual other than the Assessor. Plaintiffs also argue that officers or agents of an employer who knowingly permit an employer to violate the IWPCA can be sued under the IWPCA, but there are not sufficient specific allegations to suggest such misconduct by Levan. Therefore, Defendants' alternative motion to dismiss the IWPCA claims brought against the Township and against

7

Levan in his individual capacity is granted.

## CONCLUSION

Based on the foregoing analysis, Defendants' alternative partial motion to dismiss the IWPCA claims brought against the Township and against Levan in his individual capacity is granted, and the remainder of the partial motion to dismiss is denied.

Samuel Der-Yeghiayan
United States District Court Judge

Dated:   July 27, 2017